FILED
JAMES BONINI
CLERK

2011 MAR 17 P 4: 01

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

ROSE A. BACKS,
3599 Darby Knolls Boulevard
Hilliard, Ohio, 43026,

    and

STEPHANIE A. YOUNG,
122 South Park Street
Bellefontaine, Ohio 43311,

    and

KRISTEN B. DAVIS,
1951 Riverhill Road
Columbus, Ohio, 43221,

SARAH S. SMITH,
6634 Golden Way
Powell, Ohio, 43065,

           Plaintiffs,

    vs.

THE OHIO STATE UNIVERSITY
    MEDICAL CENTER,
410 West Tenth Avenue
Columbus, Ohio, 43210,

    and

STEVEN G. GABBE, MD, in his
    official capacity,
Senior Vice President for Health Sciences
Chief Executive Officer
The Ohio State University Medical Center
410 West Tenth Avenue
Columbus, Ohio, 43210,

           Defendants.

CIVIL ACTION NO. ___2 : 11 cv 0242___

**COMPLAINT**

JUDGE WATSON

**MAGISTRATE JUDGE KING**

JUDGE_____

MAGISTRATE JUDGE_____

**JURY DEMAND ENDORSED HERETO**

## I. Preliminary Statement

1.    This action seeks compensatory and liquidated damages; declaratory, injunctive, and equitable relief; prejudgment and postjudgment interest; and attorneys' fees and costs for the

sex discrimination in violation of the Fourteenth Amendment to the United States Constitution, the Equal Pay Act, and Title IX of the Education Amendments of 1972 committed by Defendants when they paid Plaintiffs less than similarly-situated male orthopaedic physician assistants even though Plaintiffs were performing job duties substantially equal in skill, effort, responsibility, and working conditions to those performed by the men.

**II.  Jurisdiction and Venue**

2.  This action arises under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; the Equal Pay Act (EPA), 29 U.S.C. §201 *et seq.*; and Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. §1681 *et seq.*.

3.  This Court has jurisdiction over this action by virtue of the Reconstruction Era Civil Rights Act, 42 U.S.C. §1983; the EPA, 29 U.S.C. §§206; 216(b); 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1343 (civil rights).

4.  Declaratory, injunctive, and equitable relief or compensatory or liquidated damages are sought pursuant to the 42 U.S.C. §1983; the EPA, 29 U.S.C. §§206; 216(b); and 28 U.S.C. §§2201; 2202.

5.  Costs and attorneys fees may be awarded pursuant to 42 U.S.C. §1988; the EPA, 29 U.S.C. §§206; 216(b); and Fed. R. Civ. P. 54.

6.  Venue lies in this forum, pursuant to 28 U.S.C. §1391(b) and S.D. Local R. 82.1(b), because Plaintiffs are current or former employees of Defendants who, at all times material to this Complaint, performed their job duties for Defendants at its central location in Franklin County, Ohio.

**III.  Parties**

7.  Plaintiff Rose A. Backs, a female, has been employed by Defendant The Ohio State University Medical Center (OSU-MC) Department of Orthopedics for the past eight years as an orthopaedic physician assistant, a position categorized by OSU-MC as specialty care, and competently performed her job duties during that period.

8.      Plaintiff Stephanie A. Young, a female, had been employed, until she resigned in December 2010 to secure nondiscriminatory compensation at another hospital, by OSU-MC Department of Orthopedics for three years as an orthopaedic physician assistant, a position categorized by OSU-MC as specialty care; competently performed her job duties during that period; and had been an orthopaedic physician assistant for a total of eight years.

9.      Plaintiff Kristin B. Davis, a female, had been employed, until late 2010 when she resigned, by OSU-MC Department of Orthopedics for four years as an orthopaedic physician assistant, a position categorized by OSU-MC as specialty care, and competently performed her job duties during that period.

10. Plaintiff Sarah S. Smith, a female, has been employed from November, 2009, to the present by OSU-MC Department of Orthopedics as an orthopaedic physician assistant, a position categorized by OSU-MC as specialty care, and competently performed her job duties during that period.

11.      Defendant The Ohio State University Medical Center is one of the largest and most diverse academic medical centers in the country; employs more than 20 full-time employees; receives significant federal financial assistance; engages in an industry affecting commerce; has the capacity to sue or be sued; and owns property in its own name.

12.      Steven G. Gabbe, who is being sued in his official capacity, is the Chief Executive Officer of Defendant The Ohio State University Medical Center and empowered by it to provide prospective relief to Plaintiffs.

IV.     **Facts**

13.      Plaintiff Backs has a Bachelor of Science Degree in Exercise Science from The Ohio State University; Bachelor of Science and Master's Degrees from the Kettering College and the University of Nebraska; and is dual-certified as a physician's assistant and an athletic trainer.

14.      Her overall employment with The Ohio State University has lasted for 20 years, the past eight as an orthopaedic physician assistant; she has published and engaged in research,

-3-

and was paid $90,710 annually, until Defendant made an "adjustment" in her pay effective January of 2011.

15.     When OSU-MC hired Tom Freeman, a male, as an orthopaedic physician assistant, Plaintiff Backs recognized him because she had been a year ahead of him at both the Kettering College and the University of Nebraska.

16.     Mr. Freeman apprenticed during his stint in the United States Army as a surgical technician and earned Bachelor of Science and Master's Degrees from the Kettering College and the University of Nebraska.

17.     Mr. Freeman is certified as a physician's assistant but lacks a certification as an athletic trainer.

18.     Mr. Freeman has been an orthopaedic physician assistant for five years, the past year at OSU-MC, and held the position immediately before coming to OSU-MC for three months.

19.     Before then Mr. Freeman had been employed as a surgical technician and an emergency room physician's assistant.

20.     Mr. Freeman has neither published nor engaged in research and was paid $ 96,900 annually, until the "adjustment" in January of 2011.

21.     At all times material to this Complaint, Plaintiff Backs has performed duties substantially equal in skill, effort, responsibility, and working conditions to Mr. Freeman.

22.     Plaintiff Young has an Associate's Degree in Radiologic Technology from Lima State College; a Bachelor of Science Degree in Physician Assistant Studies from Kettering College; and is certified as an X-ray Technician and CAT Scan Technologist.

23.     Her employment record includes 12 years as a hospital Radiologic Technologist, where she worked extensively on surgical operating X-ray equipment; two years as an emergency room physician's assistant; 18 months as a family practice and sports medicine physician's assistant; and eight years as an orthopaedic physician assistant, the past three at OSU-MC; and was paid by OSU-MC $88,560.

24.    At all times material to this Complaint, Plaintiff Young has performed duties substantially equal in skill, effort, responsibility, and working conditions to Mr. Freeman.

25.    Plaintiff Davis has a Bachelor of Science Degree in Agriculture from The Ohio State University, a Master's of Public Health Degree, and a Master's of Science Degree in Physician Assistant Studies.

26.    Plaintiff Davis spent the past four years as an orthopaedic physician assistant at OSU-MC, and, before a 5 percent pay raise in December 2009, was paid $77,001 annually, and was then paid $82,472 annually.

27.    David Agbunag, a male, has a Bachelor's Degree in Athletic Training, a Master's of Science Degree in Physician Assistant Studies, and a Master's of Science Degree in Sports Medicine.

28.    Mr. Agbunag spent the past three years as an orthopaedic physician assistant, and, when hired by OSU-MC in September 2009, was paid $83,001 annually, and is now paid $84,656 annually after the "adjustment" in January, 2011.

29.    At all times material to this Complaint, Plaintiff Davis has performed duties substantially equal in skill, effort, responsibility, and working conditions to Mr. Agbunag.

30.    Plaintiff Smith has a Bachelor of Science Degree in Biochemistry from Ohio University and a Master's of Science Degree in Physician Assistant Studies from the University of Kentucky.

31.    Plaintiff Smith has been an orthopaedic physician assistant at OSU-MC since November of 2009 and received a salary of $70,275 annually, until the "adjustment" in January of 2011.

32.    Josh Chadwell, a male, has similar education and experience and was hired by OSU-MC approximately one (1) month after Plaintiff Smith.  Mr. Chadwell was paid $73,500 annually, until the "adjustment" in January of 2011.

33.    Michael Wietmarschen, a male, has similar education and experience and was hired by OSU-MC approximately one (1) month after Plaintiff Smith. Mr. Wietmarschen was paid $72,000 annually, until the "adjustment" in January of 2011.

34.    At all times material to this Complaint, Plaintiff Smith has performed duties substantially more or at least equal in skill, effort, responsibility, and working conditions to Mr. Chadwell and Mr. Wietmarschen.

35.    A constant discrepancy over the past three years has existed between the annual salary paid by OSU-MC to Plaintiffs and the annual salary paid by OSU-MC to male orthopaedic physician assistants with comparable qualifications, background, and experience who performed duties substantially equal in skill, effort, responsibility, and working conditions to those performed by Plaintiffs.

36.    Plaintiffs internally pursued equal pay at OSU-MC and were told that the annual pay of employees is not divided along sex lines, that is, some female employees are paid higher annual salaries than some male employees.

37.    Plaintiffs were also told by OSU-MC that male orthopaedic physician assistants who have recently been hired were paid more based on the salary they had been earning.

38.    Based on Plaintiffs' experience and observation, OSU-MC had neither adopted a policy nor uniformly followed a custom of paying orthopaedic physician assistants based on the salary they had been earning before being hired by OSU-MC.

39.    Based on Plaintiffs' experience and observation, a variety of factors, including cost-of-living, fringe benefits, opportunities for family and significant others, prestige, and career growth potential render the position of orthopaedic physician assistants at OSU-MC attractive to orthopaedic physician assistants elsewhere, and annual salary alone is not determinative in recruiting efforts.

40.    The major factor in setting annual salaries has been experience. Thus, the highest paid female orthopaedic physician assistant also has the most experience – ten years – in that

position, while the lowest paid male orthopaedic physician assistants have the least experience –
one year – in that position.

41.     Even when Plaintiff Davis reported in December 2009 that she had received a job
offer with an annual salary of $88,000, OSU-MC raised her base salary only to $80,842;
provided a monthly stipend for the period it took to hire a joint replacement surgeon conditioned
on her performing additional duties – following the patients of a physician who was relocating
and floating within the department as needed – that orthopaedic physician assistants did not
usually perform; and ended the stipend in July 2010.

42.     OSU-MC has refused to equalize salaries of female orthopaedic physician
assistants who perform duties substantially equal in skill, effort, responsibility, and working
conditions to male orthopaedic physician assistants with comparable qualifications, background,
and experience.

43.     Plaintiffs have suffered and continue to suffer emotional distress, frustration,
humiliation, and anger at being paid less than male orthopaedic physician assistants with
comparable qualifications, background, and experience even though Plaintiffs perform duties
substantially equal in skill, effort, responsibility, and working conditions.

44.     At all times material to this Complaint, Defendants acted with reckless disregard
of Plaintiffs' rights to be free from sex discrimination and consciously or subconsciously
justified their acts by stereotypical views about the need and right of female employees to earn as
much as male employees.

**V.      Claim for Relief**

45.     Paragraphs 1 through 43 above are incorporated as if realleged.

46.     By paying Plaintiffs less than male orthopaedic physician assistants with
comparable qualifications, background, and experience even though Plaintiffs perform duties
substantially equal in skill, effort, responsibility, and working conditions, Defendants have
committed sex discrimination in violation of the Fourteenth Amendment to the United States
Constitution, the Equal Pay Act, and Title IX of the Education Amendments of 1972.

VII.   **Prayer for Relief**

**WHEREFORE**, Plaintiffs pray that this Court:

a.  declare that Defendants' conduct has violated the Fourteenth Amendment to the United States Constitution, the Equal Pay Act, and Title IX of the Education Amendments of 1972;

b.  order such equitable relief, including back pay, expungement of any negative information in their personnel files referring to their complaints about sex discriminatory compensation, and prospective salary increases, as will make them whole for Defendants' conduct; more than $25,000 in compensatory damages; double the amount of back pay in liquidated damages; prejudgment and postjudgment interest; costs; and attorneys' fees; and,

c.  grant such other relief as the Court may deem appropriate.

Respectfully Submitted,

By _____
Laren E. Knoll (0070594)
THE KNOLL LAW FIRM LLC
5248 Bethel Reed Park
Columbus, Ohio 43220
Telephone: 614-372-8890
Facsimile: 614-442-8718
Email: lknoll@knolllaw.com

By _____
John S. Marshall (0015160)
Email: jmarshall@marshallmorrow.com
Edward R. Forman (0076651)
Email: eforman@marshallmorrow.com
MARSHALL AND MORROW LLC
111 West Rich Street, Suite 430
Columbus, Ohio 43215-5296
Telephone: 614-463-9790
Facsimile: 614-463-9780

*Trial Attorney for Plaintiffs*

**OF COUNSEL:**

Louis A. Jacobs (002101)
Email: *LAJOhio@aol.com*
66871 Rayo del Sol
Desert Hot Springs, California,  92240-1871
(614) 203-1255
Fax (760) 288-2146

## **JURY DEMAND**

Plaintiff requests a trial by a jury of eight (8) persons.

By

John S. Marshall (0015160)
(*jmarshall@marshallandmorrow.com*)
Edward R. Forman (0076651)
(*eforman@marshallandmorrow.com*)
MARSHALL AND MORROW LLC
111 West Rich Street, Suite 430
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

Attorneys for Plaintiff